[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR BILL OF DISCOVERY
On October 19, 1995, the plaintiff (Caputo), filed an application for a bill of discovery (application) moving the court to permit the plaintiff to serve upon the defendant, Danbury Hospital (hospital), a set of interrogatories "so that the applicant can determine if he has a cause of action." The plaintiff alleges that the hospital delayed in administering CT Page 2700 emergency room care which caused the plaintiff to have a seizure and undergo respiratory arrest. The application states that the plaintiff "needs to know about the patient census in the Emergency Room on the date and time of his arrival and about staffing levels in the Emergency Room." The application states that the plaintiff needs this information to commission an expert review of his care.
On November 6, 1995, the hospital filed a memorandum in opposition to the plaintiff's application. The defendant argues that the requested discovery is not permitted pursuant to Bergerv. Cuomo, 230 Conn. 1, 5-6, 544 A.2d 333 (1994).
"The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action . . . . Its existence or nonexistence is determined by the court on the facts found . . . . Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." (Alterations in original; citations omitted; internal quotation marks omitted.) Berger v. Cuomo, supra, 230 Conn. 7-8.
The court must deny Caputo's application for a bill of discovery on the ground that there is no competent evidence before it to support a finding of probable cause. The application submitted by Caputo is not verified, nor are any of the alleged facts set forth in affidavit form. Furthermore, at the short calendar the court heard argument by the attorneys in the case but, of course, statements by attorneys are not evidence. Although the hospital has not challenged the lack of competent evidence submitted by the plaintiff, the court must, nevertheless, find that such evidence exists before it can grant the application.
Accordingly, this court is unable to find that the plaintiff has demonstrated probable cause to bring a potential cause of action in accordance with Berger v. Cuomo, supra. The application is, therefore, denied without prejudice. CT Page 2701
STODOLINK, J.